UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. MORTON, ) | |
| Plaintiff, ) | 3 07 0501 |
| v. ) | No. 3:07mc0049 |
| STATE OF TENNESSEE, ) | Judge Campbell |
| Defendant. ) | |

## MEMORANDUM and ORDER

The plaintiff, a resident of Gallatin, Tennessee, brings this action under 42 U.S.C. § 1983.[1] The plaintiff also has filed an application to proceed *in forma pauperis* (Docket Entry No. 4).

It appears from the plaintiff's application to proceed in *forma pauperis* that he lacks sufficient financial resources to pay the filing fee. (Docket Entry No. 4) Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See*

---

[1] The plaintiff filed documents captioned "MEMORANDUM FOR RECORD" and "MOTION FOR POST CONVICTION RELIEF," the style of the latter indicating that the plaintiff intended to seek relief in this court against the State of Tennessee. In his motion for post-conviction relief ("Complaint, Motion"), the plaintiff asked the district court to "enter an Order setting aside the guilty plea herein and the sentence in cause number 397-2000," the Sumner County case which, as discussed *infra*, gave rise to this action. This request for relief suggests that the plaintiff may have been requesting federal *habeas corpus* relief under 28 U.S.C. § 2254. However, given that the Criminal Court for Sumner County vacated the conviction at issue, and given that the plaintiff is no longer incarcerated, the plaintiff is not "in custody" as required under § 2254. In his memorandum for the record ("Complaint, Memo."), the plaintiff specifically indicated his intent to bring an action under § 1983. Therefore, the Court liberally construed this action to have been brought under § 1983.

*Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The plaintiff alleges that he appeared before courts in two different counties in Tennessee, Davidson and Sumner, and was sentenced "for the same charges from the same course of conduct." (Complaint, Memo.) According to the plaintiff, he "was illegally confined for two years" in violation of his rights under the double jeopardy clause of the Fifth Amendment. (Complaint, Memo.) The double jeopardy clause of the Fifth Amendment provides that "No person . . . shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . ." *U.S. Const.* amend. V. The prohibition against double jeopardy protects individuals not only from successive trials, but also prohibits multiple punishments for the same offense. *See Witte v. United States*, 515 U.S. 389, 391 (1995); *Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).

The plaintiff has provided a copy of an Order entered December 2, 2005 in which the Criminal Court for Sumner County writes: 1) the plaintiff in this action filed a petition for state *habeas corpus* relief on November 14, 2005, in which the plaintiff alleged that the double jeopardy

2

clause had been violated in his sentencing; and 2) the state *habeas corpus* court determined that the plaintiff had, in fact, been sentenced twice for the same offense. (Complaint, Encl. 1, Attach. Order) The copy of the Order provided by the plaintiff shows that the Criminal Court for Sumner County vacated the conviction at issue. (Complaint, Encl. 1, Attach. Order) Therefore, *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) does not present an obstacle to litigating this matter. However, as explained below, the statute of limitations does.

Because Congress did not establish a limitations period applicable to § 1983 actions, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) The statute of limitations for personal injury arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1986).

The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794. Ordinarily, the "discovery rule" applies to establish the date on which the statute of limitations begins to run, *i.e.*, the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action. *Sevier*, 742 F.2d at 273. This inquiry is objective and the court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt*, 215 F.3d 543, 548 (6th Cir. 2000); *see also Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

3

Assuming for the sake of argument that the plaintiff did not know that he had been sentenced twice for the same offense at the time he was sentenced, the next event that should have alerted the plaintiff that he had a right of action was when the Criminal Court for Sumner County entered its Order vacating the conviction at issue. The record in these proceedings show that the plaintiff brought this action more than four (4) months after the one-year statute of limitations had run. Specifically, the Criminal Court for Sumner County entered its Order vacating the sentence t issue on December 2, 2005, but the plaintiff did not bring this action in district court until April 9, 2007.

The statute of limitations may, of course, be tolled in actions alleging civil rights violations. *See e g*, *Andrews v. Orr*, 851 F 2d 146, 151 (6th Cir. 1988). The Supreme Court likewise has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not be construed to erect a jurisdictional prerequisite to suit in the district court." *Zipes v Transworld Airlines, Inc*, 455 U S. 384, 397 (1982). Rather, the statutory filing deadlines are more analogous to a limitations statute, "subject to waiver as well as tolling when equity so requires . . ." *Id.* at 398. Whether courts apply equitable tolling depends on an analysis of the following factors: 1) lack of actual notice of filing requirements; 2) lack of constructive notice of filing requirements; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; 5) the reasonableness of a plaintiff remaining ignorant of the notice requirement. *Andrews*, 851 F.2d at 151 (citing *Wright v State of Tenn*, 628 F 2d 949, 953 (6th Cir. 1980)).

The plaintiff does not allege a lack of actual or constructive notice of the filing requirements, nor has he provided any reason for not knowing the expiration of the statue of limitations that would make his ignorance reasonable. Even if the plaintiff had argued that did not have notice of the filing requirement under § 1983, the documents provided by the plaintiff show that he filed that State *habeas corpus* petition *pro se*. (Complaint, Incl 1, Attach Petition) In other words, the plaintiff was

4

personally engaged in those collateral proceedings. Inasmuch as the plaintiff was personally engaged in pursuing his rights on this matter, any explanation for being unaware of the filing requirement under § 1983, or for sitting on his rights, would be without merit. For these reasons, the Court finds that equitable tolling is not warranted.

As explained herein, the plaintiff's complaint lacks an arguable basis in law or fact. Therefore, the complaint will be **DISMISSED** as frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i). The dismissal of this action is **WITHOUT PREJUDICE** as to the plaintiff's right to seek relief under State law. However, because an appeal from the judgment rendered herein would not be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v United States*, 369 U.S. 438, 444-46 (1962).

It is so **ORDERED**

Todd Campbell
United States District Judge